**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHN JOSEPH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAUL GONZALEZ, ) | |
| **Serve: 820 S. Inspiration Blvd., Lot A** ) | |
| Alton, TX 78573 ) | Cause No.: 4:25-cv-01559 |
| ) | |
| and, ) | **JURY TRIAL REQUESTED** |
| ) | |
| TRI-NATIONAL, INC., ) | |
| **Serve: Danna McKitrick** ) | |
| **Registered Agent** ) | |
| **7701 Forsyth Blvd., Suite 1200** ) | |
| **St. Louis, MO 63105** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff John Joseph Brown ("Plaintiff") for his cause of action against Defendants Raul Gonzalez ("Defendant Gonzalez") and Tri-National, Inc. ("Defendant Tri-National") alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is an individual citizen and resident of the State of Alabama.

2. Upon information and belief, Defendant Gonzalez is an individual citizen and resident of the State of Texas.

3. Upon Information and belief, Defendant Tri-National is a corporation organized and existing under the laws of the state of Missouri with its principal place of business located in the State of Missouri.

4. The Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, and there is complete diversity between Plaintiff and Defendants, in that for purposes of diversity jurisdiction Plaintiff is considered a resident of Alabama, Defendant Gonzalez is considered a resident of Texas, and Defendant Tri-National is considered a resident of Missouri.

5. The Court has personal jurisdiction over Defendants because, as alleged in greater detail below, Defendant Gonzalez, while operating an automobile, owned by Defendant Ti-National, on the public roadways of the State of Missouri, committed, in the State of Missouri, the specific tortious acts alleged below, which caused the collision and injuries at issue in this action.

6. Venue is proper in this Court because the motor vehicle collision at issue, described in more detail below, occurred in New Madrid County, Missouri, which is within this Court's judicial District and Division.

7. On or about January 6, 2022, at approximately 9:40 a.m., Plaintiff was operating his motor vehicle on southbound Interstate 55 at or near mile marker 62.8, a well-traveled road located in New Madrid County, Missouri.

8. At said date and time, Defendant Gonzalez was operating a motor vehicle on southbound Interstate 55 directly behind Plaintiff's vehicle.

9. At said date and time, Defendant Gonzalez was an employee and/or agent of Defendant Tri-National.

10. At said date and time, Defendant Gonzalez was operating the motor vehicle within the course and scope of his employment and/or agency with Defendant Tri-National.

11. At said date and time, Defendant Gonzalez caused the front of his vehicle to strike Plaintiff's vehicle from behind causing Plaintiff to sustain serious and permanent personal injuries more fully described below.

12. Defendant's motor vehicle colliding with Plaintiff's motor vehicle caused Plaintiff's body to jerk and jolt in an unexpected and violent manner.

## COUNT I
## (NEGLIGENCE AGAINST DEFENDANT TRI-NATIONAL)

13. Plaintiff incorporates the allegations stated in paragraphs 1 through 12 as if fully restates in this Count I.

14. Defendant Tri-National, by and through its employee and/or agent, Defendant Gonzalez, owed a duty to Plaintiff operate his motor vehicle in conformance with all laws, rules, and regulations governing the operation of motor vehicles with the highest degree of care.

15. Defendant Tri-National, by and through its employee and/or agent, Defendant Gonzalez, breached its duties and was careless and negligent in one or more of the following respects:

    a. Drove at an excessive speed given the circumstances and conditions at the time;

    b. Failed to stop, swerve, slacken speed, sound a warning, or otherwise take any action to avoid the collision;

    c. Failed to keep a careful lookout to identify Plaintiff's vehicle;

    d. Failed to keep a safe distance and was following Plaintiff's vehicle too closely given the circumstances and conditions at the time; and

    e. Caused the front of its vehicle to collide with the rear of Plaintiff's vehicle.

16. As a direct and proximate result of the carelessness and negligence of Defendant Tri-National, by and through its employee and/or agent Defendant Gonzalez, Plaintiff has suffered the following damages:

    a. Plaintiff sustained physical injuries to his neck and left shoulder, that required, requires, and will continue to require medical care and treatment;

    b. Plaintiff suffered, suffers, and will in the future continue to suffer physical pain and mental anguish due to the aforementioned physical injuries;

    c. Plaintiff's ability to perform normal, daily activities and to otherwise enjoy life has been, is, and will in the future continue to be limited, impaired, and diminished; and

    d. Plaintiff has incurred medical expenses for treatment and care that were necessary due to the aforementioned physical injuries and, in the future, will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff respectfully prays for Judgment against Defendant Tri-National in an amount exceeding $75,000.00 that is fair and reasonable, and as otherwise supported by the evidence presented at trial, plus post-judgment interest, plus his costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT GONZALEZ)

17. Plaintiff incorporates the allegations stated in paragraphs 1 through 16 as if fully restated in this Count II.

18. Defendant Gonzalez owed Plaintiff a duty to operate his motor vehicle in conformance with all laws, rules, and regulations governing the operation of motor vehicles with the highest degree of care.

19. Defendant Gonzalez breached his duties and was careless and negligent in one or more of the following respects:

      a.      Drove at an excessive speed given the circumstances and conditions at the time;

      b.      Failed to stop, swerve, slacken speed, sound a warning, or otherwise take any action to avoid the collision;

      c.      Failed to keep a careful lookout to identify Plaintiff's vehicle;

      d.      Failed to keep a safe distance and was following Plaintiff's vehicle too closely given the circumstances and conditions at the time; and

      e.      Caused his vehicle to collide with the rear of Plaintiff's vehicle.

20.      As a direct and proximate result of the carelessness and negligence of Defendant Gonzalez alleged above, Plaintiff suffered the following damages:

      a.      Plaintiff sustained physical injuries to his neck and left shoulder, that required, requires, and will continue to require medical care and treatment;

      b.      Plaintiff suffered, suffers, and will in the future continue to suffer physical pain and mental anguish due to the aforementioned physical injuries;

      c.      Plaintiff's ability to perform normal, daily activities and to otherwise enjoy life has been, is and, will continue to be limited, impaired, and diminished; and

      d.      Plaintiff has incurred medical expenses for treatment and care that were necessary due to the aforementioned physical injuries and, in the future, will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff respectfully prays for judgment against Defendant Gonzalez in an amount exceeding $75,000.00 that is fair and reasonable, and as otherwise supported by the evidence presented at trial, plus post-judgment interest, plus his costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## JURY TRIAL DEMANDED

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), hereby demands a jury trial on all the issues, claims, and causes of action alleged and raised herein that are triable to a jury, under the law.

                    COFMAN TOWNSLEY, LLP

By:   */s/ Dylan R. Briggs*
      Dylan R. Briggs  #67245MO
      7701 Clayton Road
      St. Louis, Missouri 63117
      314.621.2005
      314.621.3118 (facsimile)
      dbriggs@cofmantownsley.com
      *Attorneys for Plaintiff*